# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

LEONOR ROMERO,  :
                              :
    Plaintiff,  :
                              :
v.  :   CIVIL ACTION NO.
                              :   1:12-CV-2082-RWS
BANK OF AMERICA, N.A.,  :
*et al.*,  :
                              :
    Defendants.  :

## **ORDER**

This case is before the Court for consideration of Defendants' Motion to Dismiss [2]. No response to the Motion has been filed, and it is thus deemed to be unopposed.

Plaintiff originally filed this action in the Superior Court of Gwinnett County. Plaintiff seeks damages and declaratory and injunctive relief based upon actions of Defendants in connection with a note and security deed executed by Plaintiff to America's Wholesale Lender. The Complaint includes claims for violation of good faith and fair dealing under the Uniform Commercial Code, fraud in the inducement, unfair trade practice, declaratory judgment, and injunctive relief. Defendants removed the case to this Court and

have filed a Motion to Dismiss [2] which is presently before the Court for consideration.

Defendants seek dismissal of the case against Bank of America, N.A. ("BANA") and Mortgage Electronic Registration Systems, Inc. ("MERS") pursuant to Federal Rule of Civil Procedure 12(b)(5) due to Plaintiff's failure to serve either of these Defendants with process. It appearing that service has not been properly effected upon either of these Defendants, said Motion is due to be GRANTED.

Defendants also seek dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 8 as an impermissible shotgun pleading. Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at

2

570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

It is important to note that while the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. The court does not need to "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

Because Plaintiff is acting *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 Fed. App'x 635, 637 (11th Cir. 2010).

The Court finds that Plaintiff's Complaint is comprised of legal conclusions and fails to include factual allegations that support Plaintiff's

3

claims. As such, the Court finds that the Complaint is an impermissible shotgun pleading and is due to be dismissed.

Based on the foregoing, Defendants' Motion to Dismiss [2] is hereby **GRANTED**. The Clerk shall close the case.

**SO ORDERED**, this 30th day of July, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)